70901-08000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| WOODBOLT DISTRIBUTION, LLC, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> NATURAL ALTERNATIVES ) <br> INTERNATIONAL, INC., ) <br> ) <br> Defendant. ) | Civil Action No.: _____ <br><br> JURY DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY,
NONINFRINGEMENT AND UNENFORCEABILITY OF U.S. PATENT NO. 8,470,865**

### NATURE OF ACTION

1.      This is an action for declaratory judgment of non-infringement, invalidity and unenforceability of U.S. Patent No. 8,470,865 ("'865 Patent") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the United States Patent Law, 35 U.S.C. § 100 *et seq*.

### THE PARTIES

2.      Woodbolt Distribution, LLC ("Woodbolt") is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 715 N. Main Street, Bryan, TX 77803-3327. Woodbolt manufactures and sells dietary food supplements, including supplements containing beta-alanine, a common and naturally occurring amino acid.

3.      On information and belief, Defendant Natural Alternatives International, Inc. ("NAI") is a corporation organized and existing under the laws of the State of Delaware with its

principal place of business located at 1185 Linda Vista Drive, San Marcos, California 92078.  On information and belief, NAI owns by assignment the '865 Patent.

## JURISDICTION AND VENUE

4. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

5. This Court has personal jurisdiction over NAI because NAI has sought to enforce its related U.S. Patent No. 8,067,381 ("'381 Patent") and U.S. Patent No. 8,129,422 ("'422 Patent") in this Court.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 because NAI is subject to personal jurisdiction in this Court.

## FACTUAL BACKGROUND

**A.** **NAI's Prior Patent Infringement Actions In This Court**

7. NAI filed a patent infringement action on the '381 Patent, Civil Action No. 4:11-cv-4511 in this Court on December 21, 2011 against Woodbolt and its contract manufacturers based on Woodbolt's sales of its products containing beta-alanine ("'381 Patent Action").

8. NAI filed a patent infringement action on the '422 Patent, Civil Action No. 4:12-cv-1388, in this Court on May 3, 2012 against Woodbolt based on Woodbolt's sales of its beta-alanine products ("'422 Patent Action").

9. Civil Action No. 4:12-cv-1388 has been consolidated into Civil Action No. 4:11-cv-4511 ("Consolidated Action").

10. Presently pending before the Court in the Consolidated Action are a number of motions, including Woodbolt's Motion For Summary Judgment that the '381 Patent and '422 Patent are invalid.

**B. Woodbolt's *Inter Partes* Reexaminations in the United States Patent and Trademark Office**

11. On May 31, 2012, Woodbolt filed a Request for *Inter Partes* Reexamination in the United States Patent and Trademark Office ("USPTO") on the '381 Patent ("'381 Patent Reexamination Request") alleging that the '381 Patent claims are unpatentable on a number of alternate grounds. One ground was because of a defective priority claim due to NAI's express priority disclaimer in an earlier application (Ser. No. 10/717,217 filed November 18, 2003). The effect of the express priority disclaimer made U.S. Patent No. 5,965,596 ("'596 Patent"), NAI's earliest patent on the same subject matter, prior art to the '381 Patent under 35 U.S.C. § 102(b). The '596 Patent discloses each and every feature of the '381 Patent claims. Other grounds were that the '381 Patent claims were unpatentable in view of multiple prior art publications not previously considered by the USPTO.

12. On July 26, 2012, the USPTO issued an Order Granting Reexamination ("'381 Patent Reexamination Order") and an Office Action finding all claims in the '381 Patent unpatentable due to the priority defect, and, alternatively, unpatentable based on multiple prior art publications not previously considered by the USPTO cited by Woodbolt in its '381 Patent Reexamination Request ("'381 Reexamination Office Action").

13. On October 29, 2012, NAI filed a Response to the '381 Reexamination Office Action.

14. On November 28, 2012, Woodbolt filed Comments on NAI's Response ("Woodbolt's Comments in '381 Reexam"). As of this date, the USPTO has not withdrawn its finding and rulings that the claims are unpatentable.

15. On July 19, 2012, Woodbolt filed a Request for *Inter Partes* Reexamination in the United States Patent and Trademark Office ("USPTO") on the '422 Patent ("'422 Patent

Reexamination Request") alleging that certain '422 Patent claims, the claims asserted by NAI in the '422 Patent Action, are unpatentable on substantially the same grounds as described above in connection with the '381 Patent Reexamination Request.

16. On August 17, 2012, the USPTO issued an Order Granting Reexamination ("'422 Patent Reexamination Order") and an Office Action finding those certain claims in the '422 Patent unpatentable due to the priority claim defect, and, alternatively invalid based on multiple prior art publications not previously considered by the USPTO cited by Woodbolt in its '422 Patent Reexamination Request ("'422 Reexamination Office Action").

17. On December 17, 2012, NAI filed a Response to the '381 Reexamination Office Action.

18. On January 16, 2013, Woodbolt filed Comments on NAI's Response ("Woodbolt's Comments in '422 Reexam"). As of this date, the USPTO has not withdrawn its findings and rulings that the claims are unpatentable.

C. **NAI's '865 Patent**

19. NAI filed a patent application in the USPTO on January 23, 2012, which was assigned Serial No. 13/356,182 ("'182 Appln."). The '182 Appln. issued as the '865 Patent.

20. The claims in the '865 Patent are very similar, if not identical, to the claims in the '422 Patent in that they recite the same methods for using dietary supplement compositions containing beta-alanine.

21. The claims in the '865 Patent are invalid for double patenting in view of the claims in the '422 Patent.

22. In the '182 Appln. NAI asserted the same priority claim that it asserted in the '381 Patent and in the '422 Patent, which was found by the USPTO in the '381 Patent Reexamination

70901-08000

Office Action and in the '422 Reexamination Office Action to be defective. The defective priority claim, due to NAI's express priority disclaimer in an earlier application, likewise made the '596 Patent prior art to the '182 Appln. under 35 U.S.C. § 102(b).

23. NAI filed an Information Disclosure Statement, the purpose of which is to inform the USPTO of all information relevant to the examination of the '182 Appln., in the '182 Appln. on February 4, 2013 ("IDS"). In the IDS, NAI cited 38 documents without comment or explanation. Among those 38 documents were the '381 Patent Reexamination Request, the '381 Reexamination Office Action, the '422 Patent Reexamination Request, the '422 Reexamination Office Action, and the prior art references cited by Woodbolt in the '381 Patent Reexamination Request and '422 Patent Reexamination Request. The IDS did not cite or otherwise refer to a) Woodbolt's Comments in the '381 Reexamination; b) Woodbolt's Comments in the '422 Reexamination; and c) any of the briefs or evidence submitted in the Consolidated Action by Woodbolt in connection with its summary judgment motions for invalidity of the '381 Patent and the '422 Patent.

24. In the IDS, NAI did not explain the relevancy of the priority claim defect found by the USPTO in the '381 Reexamination Office Action and '422 Reexamination Office Action, even though the same priority claim defect in the '381 Patent and '422 Patent likewise exists in the '182 Appln. NAI maintained its false priority claim in the '182 Appln. throughout the pendency of the '182 Appln. Hence that same defective priority claim appears in the '865 Patent rendering it invalid.

25. In the IDS, NAI did not explain the relevancy of the prior art cited by the USPTO in the '381 Reexamination Office Action and '422 Reexamination Office Action, even though the same prior art publications which render the claims of the '381 Patent and '422 Patent

unpatentable, as ruled by the USPTO in the two aforementioned Office Actions, likewise apply to render the claims of the '182 Appln. unpatentable.

26. In the IDS, NAI did not identify one of the most relevant prior art publications, known to both of the inventors named in the '865 Patent, Harris and Dunnett, i.e. Margolis, F. L., et al. (1985) Carnosine synthesis in olfactory tissue during ontogeny: effect of exogenous ß-alanine. *J. Neurochem.*, 44. 1459-1464 (1985) ("Margolis 1985"), which publication disclosed that beta-alanine given to mice resulted in an increase in muscle carnosine (dipeptide) concentration. This is highly relevant, given that co-inventor Harris had published in 1990 that dipeptides delay the onset of muscle fatigue in mammals in Harris, et al., Muscle Buffering Capacity and Dipeptide Content in the Thoroughbred Horse, Greyhound Dog and Man, *Comp. Biochem. Psysiol.*, Vol. 97A, No. 2, pp. 244-251 (1990) ("Harris 1990").

27. The following acts and omissions of NAI evidence NAI's intent to deceive the USPTO into allowing the claims of the '182 Appln., and to obtain issuance of the '865 Patent:

(i) presenting and maintaining the false priority claim in the '182 Appln.;

(ii) failing to disclose and explain in the '182 Appln., in the IDS or elsewhere, the relevancy of the priority claim defect, as already found by the USPTO in the '381 Reexamination Office Action and '422 Reexamination Office Action;

(iii) failing to disclose and explain in the '182 Appln., in the IDS or elsewhere, the relevancy of the prior art publications applied by the USPTO in the '381 Reexamination Office Action and '422 Reexamination Office Action;

(iv) failing to disclose a) Woodbolt's Comments in the '381 Reexam; b) Woodbolt's Comments in the '422 Reexam; and c) any of the briefs or other evidence

        submitted in the Consolidated Action by Woodbolt in connection with its summary judgment motions for invalidity of the '381 Patent and '422 Patent; and

    (v)    the Margolis 1985 publication, and its relevancy given the Harris 1990 publication.

28. NAI's assertion of a claim to priority in the '182 Appln., to which it was not entitled, was an intentional and material false representation to the USPTO. The USPTO relied on NAI's misrepresentation and as a result the '182 Appln. was erroneously issued as the '865 Patent. If NAI had not misrepresented the priority date, but instead had correctly represented the priority date, the '865 Patent would not have issued.

29. NAI's intentional and material representation of a false priority date in the '182 Appln., as well as other acts and omissions of NAI stated above, to the USPTO was done knowingly and willingly, with the intent to mislead and deceive the USPTO into issuing the '865 Patent, and constitute inequitable conduct, rendering the '865 Patent unenforceable.

30. The '182 Appln. issued as the '865 Patent on June 25, 2013 EDT, and its term commenced at 12:01 AM EDT on that date.

**D.**     **Substantial Controversy of Validity, Infringement and Unenforceability on the '865 Patent**

31. Because NAI has brought the '381 Patent Action and '422 Patent Action against Woodbolt based on sales by Woodbolt of its products containing beta-alanine, and because the claims of the '865 Patent are very similar, if not identical, to the claims of the '422 Patent, a substantial controversy exists between NAI and Woodbolt as to whether Woodbolt's sales of its products containing beta-alanine are an infringement of the '865 Patent. A judicial declaration is necessary and appropriate so that Woodbolt may ascertain its rights with respect to the '865 Patent.

70901-08000

32.	Because NAI has elected to bring the '381 Patent Action and '422 Patent Action in this Court, and because of the similar subject matter of the claims of the '381 Patent, '422 Patent and '865 Patent, all issues relating to validity, infringement and enforceability should, for reasons of judicial economy, be resolved before this Court.

33.	Woodbolt's products containing beta-alanine have not infringed and do not infringe, either directly or indirectly, any valid or enforceable claim of the '865 Patent either literally or under the doctrine of equivalents. A substantial controversy exists between NAI and Woodbolt as to whether Woodbolt infringes the '865 Patent, and whether the '865 Patent is valid and enforceable, which controversy is of sufficient immediacy and reality to warrant Woodbolt's request for declaratory relief.

## COUNT I

### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,470,865

34.	Woodbolt repeats and realleges the allegations in paragraphs 1-32 as though fully set forth herein.

35.	Woodbolt has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '865 Patent, either literally or under the doctrine of equivalents.

36.	As a result of the facts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

37.	A justiciable controversy exists over whether Woodbolt infringes a valid and enforceable claim of the '865 Patent, and judicial declaration is necessary and appropriate so that Woodbolt may ascertain its rights regarding whether it infringes any valid and enforceable claim of the '865 Patent.

## COUNT II

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,470,865

38. Woodbolt repeats and realleges the allegations in paragraphs 1-36 as though fully set forth herein.

39. The '865 Patent is invalid for failure to meet the conditions of patentability as required by 35 U.S.C. §§ 100, *et seq.*, 101, 102, 103 and/or 112, and, in particular in view of U.S. Patent No. 5,965,596 which is prior art under 35 U.S.C. § 102(b).

40. A justiciable controversy exists over the validity of the '865 Patent, and a judicial declaration regarding validity is necessary and appropriate so that Woodbolt may ascertain its rights regarding whether the claims of the '865 Patent are valid.

## COUNT III

## DECLARATION OF UNENFORCEABILITY OF U.S. PATENT NO. 8,470,865

41. Woodbolt repeats and realleges the allegations in paragraphs 1-39 as though fully set forth herein.

42. The '865 Patent is unenforceable because of one or more material misrepresentations of or failures to disclose material information to the USPTO by NAI, with intent to deceive, in the prosecution of the '182 Appln. for the '865 Patent, as described above.

43. A justiciable controversy exists over the enforceability of the '865 Patent, and a judicial declaration regarding unenforceability is necessary and appropriate so that Woodbolt may ascertain its rights regarding whether the claims of the '865 Patent are enforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, Woodbolt respectfully requests that the Court enter judgment in favor of Woodbolt granting the following relief:

A. A declaration that Woodbolt's products containing beta-alanine have not and do not infringe any valid and enforceable claim of the '865 Patent;

B. A declaration that the '865 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and/or 112, and, in particular are invalid as lacking novelty under § 102 in view of the '596 Patent;

C. A determination that the '865 Patent is unenforceable because it was procured through NAI's inequitable conduct, i.e., NAI's intentional and knowing misrepresentations of or failure to disclose material facts to the USPTO, which constitute a willful fraud on the USPTO to obtain the '865 Patent;

D. A preliminary and permanent injunction against NAI and its officers, agents, servants, employees, attorneys, and others in active concert or participation with them, enjoining them from asserting infringement and/or instituting and/or continuing any legal action for infringement of the '865 Patent against Woodbolt or its suppliers, manufacturers, distributors or resellers of their products, and the customers or end users of their products;

E. An order declaring that this is an exceptional case and awarding Woodbolt its costs, expenses, disbursements and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

F. Such other and further relief as this Court may deem just and proper.

70901-08000

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure Woodbolt respectfully demands a jury trial of all issues triable to a jury in this action.

OF COUNSEL:

| | |
|---|---|
| Peter J. Phillips | /s/Jayme Partridge |
| Barry Evans | Jayme Partridge |
| Lindsay S. Adams | Attorney-in-charge |
| Lucas & Mercanti, LLP | State Bar No.: TX 17133060 |
| 475 Park Avenue South, 15th Floor | S.D. of Texas Bar No.: 19621 |
| New York, NY 10016 | jayme.partridge@nortonrosefulbright.com |
| (212) 661-8000 | Paul Dyson |
| pphillips@lmiplaw.com | State Bar No.: TX 24059704 |
| bevans@lmiplaw.com | paul.dyson@nortonrosefulbright.com |
| ladams@lmiplaw.com | **FULBRIGHT & JAWORSKI LLP** |
| | Fulbright Tower |
| Dated: June 24, 2013 | 1301 McKinney |
| | Suite 5100 |
| | Houston, Texas 77010 |
| | Tel: (713) 651-5151 |
| | Fax: (713) 651-5246 |
| | |
| | *Attorneys for Plaintiff Woodbolt Distribution, LLC* |